**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DON A. PAYNE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **BEXAR COUNTY DISTRICT COURT** | § | **SA-10-CV-0740 XR** |
| **HOUSE,  BEXAR COUNTY DISTRICT,** | § | |
| **CLERK, JUDGE PETER SAKAI,** | § | |
| in his official capacity; | § | |
| **JUDGE JANET LITTLEJOHN,** | § | |
| in her official capacity; | § | |
| **RODOLFO ORTA and ALANA PEARSALL,** | § | |
| | § | |
| **Defendants.** | § | |

**SHOW CAUSE ORDER**

The matter before the court is plaintiff Don A. Payne's request to proceed in forma pauperis

(IFP).[1]  In considering a motion to proceed IFP, the court must consider the merits of the plaintiff's

claims.[2]  Payne styled his complaint as a civil rights lawsuit under 42 U.S.C. § 1983 and

complained about his state-court divorce proceedings.  In his proposed amended complaint, Payne

asserted that his "case is not about the divorce, marital issues or custody, but it is about the

'persistently corrupt process' in the District court and violations of the U.S. Constitution."[3]  As

defendants, Payne named the Bexar County District Courthouse, the Bexar County District Clerk,

Judge Peter Sakai, Judge Janet Littlejohn, attorney Rodolfo Orta, and attorney Alana Persall.  In

---

[1]Docket entry # 1.

[2]*See Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991) ("A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact.").

[3]Proposed amended complaint, ¶ 33.

considering Payne's allegations, I observed that the allegations fail to state a claim under section 1983.  This order directs Payne to show cause why his case should not be dismissed for failing to state a claim upon which relief may be granted.

Claims against Judge Sakai and Judge Littlejohn.  In the proposed complaint, Payne complains about the denial of his application for a bill of review in Cause No. 2005-CI-17750, 285th Judicial District, Bexar County, Texas.  In Cause No. 2005-CI-17750, state-court Judge Lori Massey entered in a final decree of divorce, ending Payne's marriage to former wife Wilma.  Payne sought to set aside the divorce decree by petitioning for a bill of review in Cause No. 2008-CI-07788.[4]  In his petition, Payne claimed a lack of notice of divorce proceedings, asserted the denial of due process, accused his divorce attorney of neglecting his case, and charged his former wife's attorney with fraud.  Judge Sakai denied the petition for bill of review.  Payne attributed no allegations to Judge Littlejohn, but indicated in Cause No. SA-10-CV-664 that Judge Littlejohn absolved him of his child-support arrearages in Cause No. 2005-CI-17750.  Payne seeks monetary damages from Judge Sakai and Judge Littlejohn, and unspecified injunctive relief.  To the extent Payne seeks monetary damages, "[j]udges are immune from damage claims arising out of acts performed in the exercise of their judicial functions, even when the judge is accused of acting maliciously."[5]  To the extent Payne seeks injunctive relief, "federal courts have no authority to direct state courts or their judicial officers in the performance of their duties."[6]  Payne's allegations

[4]The bill of review is attached to the report and recommendation filed in Cause No. SA-10-CV-664.

[5]*Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991).  *See Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985) ('Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction.").

[6]*Anderson v. Law Firm of Shorty, Dooley & Hall*, No. 10-30032, 2010 WL 3448106, 1 (5th Cir. Aug. 26, 2010).  *See Johnson v. Bigelow*, 239 Fed. App'x, 865, 865 (5th Cir. 2007) "[T]he federal

2

against Judges Sakai and Littlejohn fail to state a claim.

Claims against Orta and Pearsall.  The allegations in Payne's proposed amended complaint as to Orta and Pearsall mirror the allegations in Payne's petition for a bill of review.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[7]  "[T]he under-color-of-state-law element of [section] 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"[8] Payne's allegations against Orta and Pearsall fail to state a claim under section 1983 because Orta and Pearsall are not state actors.  Orta was Payne's divorce attorney.  Pearsall was Wilma's attorney. As such, Orta and Pearsall acted as private actors, not state actors.  Section 1983 does not provide a means to sue private actors like Orta and Pearsall.

Payne's allegations against the Bexar County District Clerk.  Payne's allegations against the Bexar County District Clerk (Clerk) fail to state a claim because Payne failed to attribute any allegation to the Clerk.  Thus, no basis exists for suing the Clerk under section 1983.

Payne's allegations against the Bexar County Court House.  Payne's allegations against the Bexar County Court House fail to state a claim because the courthouse lacks the capacity to be sued.

Court's order.  Because Payne's allegations fail to state a claim, I direct Payne to show cause and explain why this case should not be dismissed.  I ORDER Payne to respond to this order

---

courts have no authority to direct state courts or their judicial officers in the performance of their duties.").

[7]West v. Atkins, 487 U.S. 42, 48 (1988).

[8]Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999).

3

in writing not later than **October 4, 2010**.  If Payne fails to respond to this order by  **October 4,**

**2010**, I will deny the pending motions and recommend to the district judge that this case be

dismissed for failure to comply with a court order and for failure to prosecute.[9]

        **SIGNED** on September 21, 2010.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[9]*See* Fed. R. Civ. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir.  1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").