# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| DON A. PAYNE, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. |
| § | |
| BEXAR COUNTY DISTRICT COURT § | SA-10-CV-0740 XR |
| HOUSE,  BEXAR COUNTY DISTRICT, § | |
| CLERK, JUDGE PETER SAKAI, § | |
| in his official capacity; § | |
| JUDGE JANET LITTLEJOHN, § | |
| in her official capacity; § | |
| RODOLFO ORTA and § | |
| ALANA PEARSALL, § | |
| § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION

TO:   Honorable Xavier Rodriguez
      **United States District Judge**

This case was referred to me to determine plaintiff Don A. Payne's motion to proceed in forma pauperis (IFP).[1] In considering the motion, I screened the case pursuant to 28 U.S.C. § 1915 and observed that Payne's proposed complaint fails to state a claim upon which relief may be granted. This report recommends denying the motion to proceed IFP and dismissing this case.

**The court has authority to screen an IFP complaint**. Under 28 U.S.C. § 1915, the court may screen a litigant's IFP complaint and dismiss the complaint if the court determines the complaint is frivolous or malicious, or fails to state a claim on which relief may be granted.[2] This provision permits the court to dismiss those claims whose factual contentions are clearly

---

[1] Docket entry # 1.

[2] 28 U.S.C. § 1915(e)(2)(B).

baseless.³ Dismissal of a claim as frivolous is appropriate where the claim lacks an arguable basis either in law or in fact.⁴ Similarly, the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"⁵ To state a claim pursuant to Rule 12(b)(6), the plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."⁶

**Nature of Payne's claim**. Payne styled his complaint as a civil rights lawsuit under 42 U.S.C. § 1983 and complained about his state-court divorce proceedings. In his proposed amended complaint, Payne asserted that his "case is not about the divorce, marital issues or custody, but it is about the 'persistently corrupt process' in the District court and violations of the U.S. Constitution."⁷ As defendants, Payne named Judge Peter Sakai, Judge Janet Littlejohn, attorney Rodolfo Orta, and attorney Alana Pearsall, the Bexar County District Clerk, and the Bexar County District Courthouse.

**Procedural background**. Because I observed that the allegations appeared to fail to state a claim under section 1983, I issued a show cause order and directed Payne to show cause

---

³*See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995).

⁴*See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

⁵*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

⁶*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

⁷Proposed amended complaint, ¶ 33.

why his case should not be dismissed for failing to state a claim upon which relief may be granted.[8]  Payne filed a response, confirming that he has failed to state a claim.[9]

**The claims against Judge Sakai and Judge Littlejohn fail to state a claim**.  In the proposed complaint, Payne complains about the denial of his application for a bill of review in Cause No. 2005-CI-17750, 285th Judicial District, Bexar County, Texas.  In Cause No. 2005-CI-17750, state-court Judge Lori Massey entered in a final decree of divorce, ending Payne's marriage to former wife Wilma.  Payne sought to set aside the divorce decree by petitioning for a bill of review in Cause No. 2008-CI-07788.[10]  In his petition, Payne claimed a lack of notice of divorce proceedings, asserted the denial of due process, accused his divorce attorney of neglecting his case, and charged his former wife's attorney with fraud.  Judge Sakai denied the petition for bill of review.  Payne attributed no allegations to Judge Littlejohn, but indicated in Cause No. SA-10-CV-664 that Judge Littlejohn absolved him of his child-support arrearages in Cause No. 2005-CI-17750.[11]  Payne seeks monetary damages from Judge Sakai and Judge Littlejohn, and unspecified injunctive relief.  To the extent Payne seeks monetary damages, "[j]udges are immune from damage claims arising out of acts performed in the exercise of their

---

[8] Docket entry # 2.

[9] Docket entry # 3.

[10] The bill of review is attached to the report and recommendation filed in Cause No. SA-10-CV-664.

[11] In his response to the show cause order, Payne complained that Judge Littlejohn only allowed him to speak about his motion to enter judgment, but not about his motion to render a clarifying order setting forth specific terms to enforce compliance with the original division and his petition for enforcement of spousal maintenance.  Docket entry # 3, p. 16.

judicial functions, even when the judge is accused of acting maliciously."[12] To the extent Payne seeks injunctive relief, "federal courts have no authority to direct state courts or their judicial officers in the performance of their duties."[13] Payne's allegations against Judges Sakai and Littlejohn fail to state a claim.

**The claims against Orta and Pearsall fail to state a claim**. The allegations in Payne's proposed amended complaint as to Orta and Pearsall mirror the allegations in Payne's petition for a bill of review. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[14] "[T]he under-color-of-state-law element of [section] 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"[15] Payne's allegations against Orta and Pearsall fail to state a claim under section 1983 because Orta and Pearsall are not state actors. Orta was Payne's divorce attorney. Pearsall was Wilma's attorney. As such, Orta and Pearsall acted as private actors, not state actors. Section 1983 does not provide a means to sue private actors like Orta and Pearsall.

---

[12] *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991). *See Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985) ('Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction.").

[13] *Anderson v. Law Firm of Shorty, Dooley & Hall*, No. 10-30032, 2010 WL 3448106, 1 (5th Cir. Aug. 26, 2010). *See Johnson v. Bigelow*, 239 Fed. App'x, 865, 865 (5th Cir. 2007) "[T]he federal courts have no authority to direct state courts or their judicial officers in the performance of their duties.").

[14] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[15] *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

**Payne stated no claim against the Bexar County District Clerk**.  Payne's allegations against the Bexar County District Clerk (Clerk) fail to state a claim because Payne failed to allege any specific action or inaction by the Clerk.  Thus, no basis exists for suing the Clerk under section 1983.

**The Bexar County Court House lacks the capacity to be sued**.  Payne's allegations against the Bexar County Court House fail to state a claim because the courthouse lacks the capacity to be sued.

**Payne should be warned about Rule 11's requirements and the possibility of sanctions**.  Payne is fast becoming a frequent litigant in this court.  Recently, in Cause No. SA-10-CV-0664-OG, Payne sought to sue the Texas Attorney General (AG) and two AG employees who work in the Child Support Division, to challenge the AG's calculation of Payne's child-support arrearages and direction to withhold income for court-ordered child support.  Judge Garcia dismissed the case for failing to state a claim.[16]  Last year, Payne sued Associates Insurance under the Americans with Disabilities Act (ADA), because the company required him to pay his insurance premiums by mail in Georgia, rather permitting him to pay in person at a business location in San Antonio.[17]  Payne alleged he was required to make payments by mail because of his mental disability.  Judge Garcia dismissed the case for failing to state a claim, reasoning that personal preference about how to pay an insurance premium does not state an ADA claim.[18]

---

[16] Cause No. SA-10-CV-0664-OG, docket entry # 15.

[17] Cause No. SA-09-CA-347-OG, docket entry # 9.

[18] Cause No. SA-09-CA-347-OG, docket entry #s 9 & 15.

Payne is also a frequent litigant in state court. Payne also sued Associates Insurance in state court for deceptive trade practices in Cause No. 2009-CV-1646. Payne twice sued the Center for Health Care Services (CHCS). In Cause No. 2007-CI-10811, the state trial court dismissed the case against CHCS for lack of jurisdiction based on sovereign immunity. Payne appealed the dismissal. On appeal, the state court of appeals explained why CHCS was immune from suit and affirmed the trial court's judgment. The court of appeals' explanation did not deter Payne. He sued CHCS again in Cause No. 2008-CI-03821.

The pleadings in this case reflect Payne's frustration with his state-court divorce proceedings and his refusal to accept the result. A state court judge entered a final decree of divorce on October 16, 2006. State court records reflect that Payne has been challenging that order ever since.[19] As a recent attempt, Payne petitioned for a bill of review in Cause No. 2008-CI-07788 and asked the state-court judge to set aside the final decree of divorce.[20] Therein, he claimed a lack of notice of divorce proceedings, asserted the denial of due process, accused his divorce attorney of neglecting his case, and charged his former wife's attorney with fraud.[21] Payne's pleadings in this case mirror those allegations.

Based on the foregoing, a Rule 11 warning is appropriate. Rule 11 requires a party to certify that his claims are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.[22] Payne violated this

---

[19] The state-court docket sheet reflects 114 docket entries since entry of the divorce decree.

[20] Cause No. SA-10-CV-0664-OG, docket entry # 10, attached state court papers.

[21] The state-court judge denied Payne's petition. The state court of appeals affirmed the state-court judge's order on February 11, 2009.

[22] Fed. R. Civ. P. 11(b)(2).

requirement in this case by pursuing claims already presented in state court and lacking an arguable basis in law. Rule 11 permits the court to sanction a party who violates Rule 11.[23] Because Payne may be unaware of the consequences of filing claims lacking an arguable basis in law, I recommend warning him about Rule 11's requirements and the consequences of non-compliance.

**Recommendation**. I recommend denying Payne's motion to proceed IFP (docket entry # 1) and dismissing this case under 28 U.S.C. § 1915 for failing to state a claim upon which relief may be granted. I also recommend warning Payne about Rule 11's requirements and the possibility of sanctions if he violates Rule 11.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[24] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.

---

[23] Fed. R. Civ. P. 11(c) ("If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation.").

[24] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[25]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[26]

**SIGNED** on October 28, 2010.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[25] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[26] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).